Per Curiam.

The court is called on to allow against the county of Albany, an account for expenses incurred by a prosecutor in carrying on a public prosecution. The application is made under the fifteenth section of the act(b) “ regulating certain proceedings in criminal cases.” This clause, taken in connection with the one that follows, we consider as limiting the discretion of the court to those persons who are objects of public charity, and as never intended to apply to those who can bear the expense of discharging their duty by a public prosecution.
The next clause limits the discretion of the court to twenty-five dollars: and this, according to the 15th section, only on consideration of the circumstances of the prosecutor : the words are his circumstances: therefore, till they *are disclosed, the court has not any discre- [*60] tian to allow compensation. However hard it may be to individuals to attend a suit, and to compel a witness to leave his home, that is a subject in which the legislature must interfere. We can give no other consideration to this *88 than what the interpretation of the act allows. There are charges here for sums paid to witnesses, and the act states that no witness is to receive a compensation, unless poor.
The Attorney-General observed, allowances, similar to that prayed for, had been made at oyer and terminer.
Livingston, J.
When presiding in that court I have refused them, and decided according to the opinion of the court now delivered.(a)
Petition denied.

 21st March, 1801. See 1 Rev. Laws of N. Y.

 Poor witnesses attending on subpoena allowed expenses. The People v. Dowelle, Cole. Cas. 35.